STATE OF MISSOURI, Respondent, v. ARTHUR BROWN, Appellant.

### Kansas City Court of Appeals, July 6, 1885.

DRUGGIST—SALE OF LIQUORS BY—STATUTES.—The act of *March* 26, 1881, "To regulate the sale of medicines and poisons by druggists and pharmacists," by implication repeals the act of *May* 19, 1879, "To regulate the sale of intoxicating liquors by dealers in drugs and medicines," etc. Under the present statute druggists are prohibited from selling or giving away any alcoholic liquors as a beverage, but they may sell such liquors for medical purposes, and that without the physician's prescription required by the former act. *State v. Roller*, 77 Mo. 120.

APPEAL from Lafayette Circuit Court, HON. JOHN E. RYLAND, J.

*Reversed and remanded.*

B. G. BOONE, Attorney General, for the state.

No brief on file for the appellant.

The facts are sufficiently stated in the opinion of the court.

Opinion by HALL, J.

The indictment in this case charges that the defendant, on the 1st day of October, 1881, at the county of Lafayette, being then and there a dealer in drugs and medicines, did unlawfully sell and give away intoxicating liquors in less quanties than one gallon, etc. A jury was waived, and upon a trial by the court without a jury, a fine of forty dollars was assessed against the defendant. The defendant has appealed to this court.

The testimony for the state was to the effect that the defendant had several times, within one year prior to the finding of the indictment against him, sold and disposed of whiskey in less quantities than one gallon at his drug store in Lafayette county, and that at the sales the persons buying, stated to defendant that they wanted it for medicinal purposes, and defendant sold it for medicinal purposes, but not upon any prescription by a physician.

The testimony for defendant was, that in October, 1881, and long prior thereto, defendant was a druggist at Mayview, in Lafayette county, and had a large stock of drugs and medicines, and had during the year prior to the indictment, a regular merchant's license, and a certificate as an enrolled and registered pharmacist; that prior to June 26, 1881, no liquor was sold from his drug store except upon physician's prescriptions; but after that date defendant, as a pharmacist, sold whiskey in less quantities than one gallon to different persons for medical purposes, without such persons having a prescription. That such sales were the sales testified to by the state's witnesses, and were made in good faith by the defendant for medical purposes, relying upon his judgment as a

pharmacist; and that defendant has never sold any liquor at his drug store as a beverage, or authorized it to be done.

The following declaration of law was asked by the defendant and refused by the court:

"If the court believes and finds upon the evidence that the defendant, at the time of the alleged sale of such liquor by him, was a dealer in drugs and medicines, and had at his store where such sale is alleged to have taken place, a stock of goods such as are usually kept in drug stores, and had at the time complied with the law relating to merchant's license, and was at the time of the alleged sale, a regularly licensed and registered pharmacist and druggist, and such sale was made by him as such pharmacist in good faith for medical purpose, and not sold to be used as a beverage by the person so purchasing it, then and in that event, the jury (court) will find defendant not guilty."

This case is controlled by the decision of the supreme court in the case of the *State v. Roller* (77 Mo. 120). This is admitted by the attorney general, in a commendable spirit. The trial court should have given the declaration of law asked by the defendant.

The judgment of the circuit court is reversed and the cause is remanded. All concur.